IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ALBERT UNGER, 00844-033**

    Petitioner,

v.

**L.J. W.HOLLINGSWORTH, Warden**
**USP Marion**

    Respondent.                          Case No. 12-cv-00141-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    Before the Court is the petitioner Albert Unger's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). The petitioner, currently incarcerated at the United States Penitentiary in Marion, Illinois ("USP Marion"), is serving a sentence of 27 months imprisonment following his plea of guilty in the Northern District of Indiana to a violation of 18 U.S.C. § 641 for theft of postage stamps. Presently, the petitioner's projected release date is April 11, 2014.

    The petitioner contends that the Bureau of Prisons ("BOP") has improperly denied him 365 days credit for his pre-sentence custody at the Clark County

Detention Center in Nevada (from August 10, 2009 through August 10, 2010). As a result, the petitioner contends, he is serving he a federal sentence consecutively to completion of a sentence ordered under Nevada law, despite (1) the Nevada court's order that the state sentence should run concurrently with his federal sentence and (2) the Northern District of Indiana's recommendation to the BOP that he be given credit for time served while awaiting sentencing. The petitioner contends that if granted the relief requested, he will be immediately eligible for release from the USP Marion to a residential reentry facility.

Without commenting on the merits of the petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules governing Section 2254 cases in the United States District Courts.[1]

**IT IS HEREBY ORDERED** that respondent shall answer the petition or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the government from making whatever waiver, exhaustion, or timeliness arguments it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

For a reason not known to the undersigned, this petition escaped procedures put into place in this district designed to allow district judges to be

---

[1] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

advised of cases needing exigent handling due to the allegations made in the petition. Consequently, since the Court is only now issuing this order, no extensions will be allowed for the answer to the petition. Furthermore, the Magistrate Judge assigned will hold an evidentiary hearing within 14 days after the response is filed and will issue a Report and Recommendation within 7 days after said hearing. If the parties agree that testimony is not necessary, then they shall submit a written stipulation that the matter may be submitted to the undersigned for determination on the petition and response together with the exhibits attached which are admissible for such purpose.

A determination must be made regarding petitioner's motion to proceed IFP (Doc. 4). Unfortunately, counsel for Petitioner failed to follow the proper procedure. Instead of assuming the Court could just adopt a prior finding of a Court in another proceeding, he must make his case again for this $5.00 filing fee by submitting a certified copy of petitioner's trust fund account for the 6 month period preceding the filing of his habeas action. Not surprisingly, it is common for the Court to learn that most inmates can, in fact, afford a $5 fee, but of course reserves judgment regarding Mr. Unger. Therefore, petitioner must submit said certified copy within 30 days. If he fails to do so, this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule

72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS SO ORDERED.**

Signed this 13th day of January, 2013.

David R. Herndon
2013.01.13
11:55:35 -06'00'

**Chief Judge
United States District Court**